NO. 07-07-0445-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 4, 2008

______________________________


TROY LOCKE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B17260-0706; HONORABLE ED SELF, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Pending before this Court is Troy Locke’s Motion to Dismiss Appeal in which he
represents he wishes to withdraw his notice of appeal and dismiss the appeal. As required
by Rule 42.2(a) of the Texas Rules of Appellate Procedure, the motion is signed by
Appellant and his attorney. No decision of this Court having been delivered, the motion
is granted and the appeal is dismissed. No motion for rehearing will be entertained and
our mandate will issue forthwith.
          Accordingly, the appeal is dismissed.
 
                                                                           Patrick A. Pirtle

 Justice





Do not publish.



se" Priority="9" QFormat="true" Name="heading 7"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-0389-CV

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

APRIL 13, 2010

 

______________________________

 

 

TONY GARZA, APPELLANT

 

V.

 

UNITED SUPERMARKETS,
L.L.C., APPELLEE

 

_________________________________

 

FROM THE 237TH
DISTRICT COURT OF LUBBOCK COUNTY;

 

NO. 2008-544,606 ; HONORABLE RUBEN GONZALES REYES , JUDGE

 

_______________________________

 

Before CAMPBELL,
HANCOCK and PIRTLE, J.J.

 

 

ORDER ON MOTION FOR REHEARING

            Following
proper notice required by the Texas Rules of Appellate Procedure, this Court
dismissed Tony Garza's appeal against United Supermarkets, L.L.C. on January
12, 2010, for failure to pay the required filing fee.  On January 20, 2010, this Court received a
letter from Appellant's counsel, dated January 19, 2010, containing the
required filing fee, but no motion for rehearing, or motion to reinstate.  On February 10, 2010, Appellant filed a motion
for rehearing and a motion to extend time to file that motion.  After granting the motion to extend time to
file, this Court filed Garza's Motion for
Rehearing.  By that motion, Garza
requests that this Court's opinion be withdrawn and the appeal be reinstated now
that the filing fee has been paid.  As grounds
for the motion, Garza asserts that his attorney "misunderstood the laws
regarding the deadline for paying the filing fees."  Per request from this Court, United
Supermarkets filed a response to the motion for rehearing asserting that
Appellant "could not have misunderstood the laws regarding the deadline
for paying the filing fee because the Court clearly notified the attorney of
the deadline and she (sic) still failed to pay the fee timely."

            As
referenced by Appellee, by letter dated December 15, 2009, this Court did notify
Garza that the filing fee had not been paid and that failure to pay that fee
within ten (10) days could result in the dismissal of his appeal.  The involuntary dismissal of an appeal in a
civil case is governed by Tex. R. App. P. 42.3. 
Rule 42.3(c) specifically provides that an appeal in a civil case is
subject to dismissal for failure to comply with a requirement of the Rules of
Appellate Procedure, a court order, or a notice from the clerk requiring a
response or other action within a specified time.  Therefore, without question, the appeal was
properly dismissed.  We read Appellant's
motion for rehearing, not as an attack on the propriety of the order of
dismissal, but instead as a request that we equitably reinstate his appeal. 

            Although
there is no specific rule of appellate procedure setting forth the standard by
which we review what is in effect a motion to reinstate an appeal after an
involuntary dismissal, we find some guidance from Rule 165a(2) of the Texas
Rules of Civil Procedure pertaining to the reinstatement of a civil proceeding
after dismissal for want of prosecution. 
That rule provides that a court shall reinstate the case upon a finding
that the failure of the party or his attorney was not intentional or the result
of conscious indifference but was due to an accident or mistake or that the
failure was otherwise reasonably explained. 
In determining when the filing fee was due, Garza had the benefit of not
only the applicable rules, but also the express admonition of this Court.  Accepting Garza's explanation at face value, there
is a distinct difference between a misunderstanding of appellate procedural
rules and a flagrant disregard of the admonitions of this Court.  Finding that his failure to pay the required
filing fee was the result of conscious indifference, Garza's Motion for Rehearing is denied.  

            It is so
ordered.

 

                                                                                    Per
Curiam